UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY PAUL PRICE,

    Petitioner,

v.                                                   Case No. 2:06-cv-71
                                                    HON. R. ALLAN EDGAR

LINDA METRISH,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

        Petitioner Gregory Paul Price filed this petition for writ of habeas corpus, challenging the validity of his December 22, 2005, state parole revocation. Petitioner claims that he filed an appeal pursuant to the Michigan Administrative Procedures Act, which was denied. In addition, Petitioner states that he filed a request for rehearing, which was also denied. Upon a review of the petition, it appears to the undersigned that Petitioner has not exhausted his available state court remedies. Therefore, in accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I recommend that the petition be dismissed for lack of exhaustion as required by 28 U.S.C. § 2254.

        A petitioner in a federal habeas corpus proceeding is required to exhaust his available state remedies, except when there is an absence of available state corrective process, or the existence of circumstances renders such process ineffective to protect the rights of the prisoner. 28 U.S.C. § 2254(b) and (c). Moreover, it is the Petitioner's burden to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982), the Supreme Court held that a District Court must dismiss a habeas corpus petition containing unexhausted claims if state remedies remain available. The Sixth Circuit has also indicated that this court must dismiss a petition for habeas corpus relief where that petition contains unexhausted claims. *See Boggs v. Evitts*, 818 F.2d 534 (6th Cir. 1987). However, exhaustion is not jurisdictional. *Granberry v. Greer*, 481 U.S. 129, 131, 107 S. Ct. 1671, 1673-74 (1987). As a prudential rule, exhaustion is required unless "special circumstances" exist. *Id.* at 134-136. *See also Hafley v. Sowders*, 902 F.2d 480 (6th Cir. 1990); *Weaver v. Foltz*, 888 F.2d 1097 (6th Cir. 1989).[1] In the opinion of the undersigned, such "special circumstances" do not exist in the instant action and therefore exhaustion of available state remedies should be required.

The question remains whether there are state remedies still available to the Petitioner. It would appear to the undersigned that, pursuant to state law, Petitioner has adequate remedies available to him under state law to review the parole revocation decision. A parolee may attack a revocation decision by state petition for habeas corpus. *See Triplett v. Deputy Warden*, 371 N.W.2d 862 (Mich. App. 1985); *Cross v. Dep't of Corrections*, 303 N.W.2d 218, 220-21 (Mich. App. 1981);

---

[1] It has been suggested that the holding in *Granberry* can be read as giving only *appellate* courts discretion to reach the merits of claims presented in mixed petitions. *See for example*, *Ybarra v. Sumner*, 678 F. Supp. 1480 (D. Nev. 1988). *Cf. Plunkett v. Johnson*, 828 F.2d 954, 956 (2d Cir. 1987); *Campas v. Zimmerman*, 876 F.2d 318, 323 (3d Cir. 1989) (dicta). Without analysis, the Sixth Circuit recently remarked that the district courts have the discretion to excuse exhaustion where the federal claim is plainly meritless and it would be a waste of time and judicial resources to require exhaustion. *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991) (*citing Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987)), *cert. denied*, 503 U.S. 922, 112 S. Ct. 1299 (1992). Likewise a federal habeas court need not require that a federal claim be first presented to the state courts if it is clear that the state courts would hold the claim procedurally barred or efforts to exhaust would otherwise be futile. *See e.g. Harris v. Reed*, 489 U.S. 255, 263, n.9, 109 S. Ct. 1038, 1043 n.9 (1989).

*see also, Caley v. Hudson*, 759 F. Supp. 378 (E.D. Mich. 1991) (dismissing federal habeas corpus petition by a state prisoner for lack of exhaustion of his available state habeas corpus action to challenge revocation of his parole).

In *Caley*, the petitioner sought to challenge the revocation of his parole on the ground that he did not receive a hearing. *Id.* at 379. The petitioner in *Caley* relied on *Witzke v. Withrow*, 702 F. Supp. 1338 (W.D. Mich. 1988) for the proposition that a state habeas corpus action was not an available remedy for the petitioner's challenge to his parole revocation. The court in *Caley* distinguished the facts from those in *Witzke* and held that an individual who feels that his parole has been revoked in violation of his constitutional rights may pursue relief through a state habeas corpus action. *Id.* at 380.

In *Caley*, the court noted that the Michigan Court of Appeals had previously held that review of a parole revocation decision was permissible upon a complaint for state habeas corpus. *Caley*, 759 F. Supp. at 380 (citing *Triplett v. Deputy Warden*, 142 Mich. App. 774, 371 N.W.2d 862 (1985) and *Cross v. Department of Corrections*, 103 Mich. App. 409, 303 N.W.2d 218 (1981)). The court in *Caley* further stated that MCL § 600.4310, which prohibits "persons convicted" from pursuing state habeas corpus relief, is "generally consonant with the often-repeated judicial declarations that habeas corpus cannot serve as a substitute for an appeal and cannot be used to review the merits of a criminal conviction." *Id.* (citing *Cross*, 103 Mich. App. at 414-15, 303 N.W.2d at 218). Applying the reasoning in *Cross*, the court in *Caley* opined that because the petitioner was not challenging his original conviction or sentence, but was instead challenging the authority of the respondent to continue his incarceration in light of his argument that the parole revocation procedure was unconstitutional, state habeas corpus procedures were available to him notwithstanding MCL § 600.4310. *Id.* at 381. The court in *Caley* concluded:

> If this Court were to accept petitioner's interpretation of the *Witzke* holding, not only would a prisoner contesting a parole revocation be precluded from seeking state habeas corpus relief but state court relief would also be unavailable to a prisoner who was being kept in prison beyond his sentence term. Such an outcome is untenable and, is not consistent with the intent of the Michigan habeas corpus statute.
>
> As petitioner has available to him a state remedy in the form of a state habeas corpus action, and as petitioner has failed to exhaust such remedy, this Court must deny petitioner's habeas corpus petition.

*Caley*, 759 F. Supp. at 381 (citations omitted).

Contrary to the petitioner in *Witzke*, Petitioner in this case never attempted to file a state habeas corpus petition. Therefore, in light of existing Michigan and Federal case law addressing this issue, it is not clear that such a remedy is unavailable to Petitioner, nor that its availability is merely "speculative or conjectural." *Witzke*, F. Supp. at 1349. In addition, Petitioner cannot be said to have exhausted his state habeas corpus remedy, as did the petitioner in *Witzke*. Rather, the facts in this case appear to be nearly identical to those in *Caley*. In this case, as in *Caley*, Petitioner is challenging "the authority of the respondent to continue his incarceration in light of his argument that the parole revocation procedure was unconstitutional," rather than his conviction or sentence. *Caley*, 759 F. Supp. at 381. Therefore, it appears that state habeas corpus proceedings are available to Petitioner as a means to challenge his parole revocation.

Because it appears that Petitioner has not exhausted his available state court remedies, I recommend that the petition be dismissed.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a

- 4 -

"substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, if the court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application because he failed to exhaust his state court remedies.  Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed because he failed to exhaust his state court remedies. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the Petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. L.R. 13(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   March 31, 2006